IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | | |
|---|---|---|
| DAVE & BUSTER'S, INC., | : | |
| 2481 Manana Drive | : | |
| Dallas, Texas  75220 | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | Case No. 13-cv-03390-RWT |
| | : | |
| WHITE FLINT MALL, LLLP f/k/a | : | |
| WHITE FLINT LIMITED PARTNERSHIP, | : | |
| 2000 Tower Oaks Boulevard | : | |
| Eighth Floor | : | |
| Rockville, Maryland 20852 | : | |
| | : | |
| Defendant | : | |

**ANSWER AND COUNTERCLAIM OF DEFENDANT WHITE FLINT MALL, LLLP**

NOW COMES the Defendant, White Flint Mall, LLLP, by and through its attorneys, Albert D. Brault, Esq., James M. Brault, Esq., and the law firm of Brault Graham, LLC, and for its Answer to Count II of the Complaint filed herein states as follows:

**PARTIES**

1.  Defendant neither admits nor denies but demands strict proof thereof.

2.  As alleged, Paragraph 2 of Plaintiff's Complaint is denied.  Defendant is a limited liability limited partnership organized pursuant to Maryland law.

3.  Paragraph 3 is admitted.

4.  Paragraph 4 is admitted.

**JURISDICTION**

5.  Paragraph 5 is admitted.

## VENUE

6.      Paragraph 6 is admitted.

## FACTS

**I.**      **The Lease Agreement**

7.      Paragraph 7 is admitted and it is further admitted that Exhibit A is a true and correct copy of the Lease Agreement between the parties with the following correction: Exhibit K to the Lease was not attached to Exhibit A to the Complaint.

8.      Paragraph 8 is denied. Defendant further avers that: (i) the parties mutually negotiated the terms and conditions of the Lease, and "courted" is not an appropriate description of what took place, (ii) the rights and benefits contained in the Lease were material inducements for both parties to execute the same, and (iii) Defendant is without information sufficient to either admit or deny the allegation relative to the reasons for Plaintiff's decision to enter into the Lease.

9.      Defendant admits that the Lease provided for the <u>possibility</u> of a Term of up to 35-years. However, the initial Term of the Lease was terminated pursuant to its terms as of December 31, 2012.

10.      Defendant neither admits nor denies but demands strict proof thereof.

11.      Defendant neither admits nor denies but demands strict proof thereof.

**II.**      **D&B Breached the Lease**

12.      Defendant admits the allegations in Paragraph 12 only to the extent that Defendant agrees that it delivered the April 13, 2006 letter attached to the Complaint as Exhibit B.. Defendant further avers that the April 13, 2006 letter a speaks for itself and that Plaintiff did

not respond to said letter by stating that Plaintiff did not violate the subject provision of the Lease.

13. Defendant admits that it did not take any action except as indicated in its letters attached to the Complaint, but denies that it "failed and refused" to take action. Rather, Defendant initially reserved its rights and refrained from exercising some of the same until Defendant exercised its rights under the Lease pursuant to the correspondence attached to the Complaint. Defendant admits that Plaintiff continued to operate a Dave & Buster's restaurant at Arundel Mills Mall following 2006 and continues to do so today.

14. Paragraph 14 is denied as stated.

### III. The Defendant Took Action as Provided by the Lease Agreement in 2012

15. Defendant admits that it submitted a Sketch Plan to Montgomery County in 2012 consistent with the revised zoning regime adopted by Montgomery County with respect to the White Flint Sector, in which the Shopping Center is located. All other allegations set forth in Paragraph 15 are denied as stated.

16. Defendant admits that it has entered into termination agreements regarding certain leases at the Shopping Center from time to time. All other allegations set forth in Paragraph 16 are denied as stated.

17. Defendant admits that certain tenants of the Shopping Center other than Plaintiff remain open and operating. All other allegations set forth in Paragraph 17 are denied as stated.

18. Defendant denies the allegations in Paragraph 18 as stated. Defendant avers that it took action to terminate the Lease consistent with the terms thereof based upon Plaintiff's breach thereof.

19. Defendant denies the allegations in Paragraph 19 as stated. Defendant avers that its correspondence of September 5, 2012 attached to the Complaint as Exhibit C speaks for itself.

20. Defendant denies the allegations in Paragraph 20 as stated. Defendant avers that Plaintiff and Defendant engaged in discussions following the September 5, 2012 correspondence. Those discussions did not result in an agreement between the parties relative to the subject matter of the same.

21. Defendant admits the allegations of Paragraph 21. This Court has now found as a matter of law that Defendant's notice to the Plaintiff of October 9, 2012, terminating the lease was valid and effective and not precluded by the statute of limitations, waiver, estoppel or laches.

22. Defendant denies the allegations in Paragraph 22 as stated. Defendant avers that Plaintiff and Defendant engaged in discussions following the October 9, 2012 correspondence. Those discussions did not result in an agreement between the parties relative to the subject matter of the same.

23. Paragraph 23 is denied. Defendant terminated the Lease by its October 9, 2012 correspondence. This Court has now found as a matter of law that such termination of the lease was valid and effective and not precluded by the statute of limitations, waiver, estoppel or laches.

24. The Defendant admits the parties met in August, 2013. Defendant further avers that the letter attached to the Complaint as Exhibit E speaks for itself.

25. Paragraph 25 is neither admitted nor denied. Defendant further avers that Plaintiff is not entitled to any "damages" related to a potential shutdown of Plaintiff's operations at the Shopping Center, as Plaintiff's lease has been terminated.

26. Paragraph 26 is denied as stated. Defendant further avers that the letter dated October 17, 2013 attached to the Complaint as Exhibit F speaks for itself.

27. Paragraph 27 is denied. Defendant further avers that the Lease was terminated, as provided above.

## IV. Provisions in the Lease

28-32. Paragraphs 28 through 32 are admitted to the extent that they simply restate provisions set forth in the Lease. All other allegations set forth in Paragraphs 28-31 are denied as stated. Defendant further avers that the Lease attached to the Complaint as Exhibit A speaks for itself.

33. Paragraph 33 is denied as stated. Defendant further avers that Plaintiff no longer has any rights under the Lease, which has been terminated.

34. Paragraph 34 is denied as stated. Defendant further avers that Plaintiff no longer has any rights under the Lease, which has been terminated.

35. Paragraph 35 is denied as stated. Defendant admits that the Lease includes a provision addressing the award of attorneys' fees in the event of litigation between the parties.

## COUNT I
## DECLARATORY JUDGMENT

36-43. This Court has granted partial declaratory judgment as to Count I of the Complaint. Therefore, Defendant is not required to respond to all of the allegations set forth in said Paragraphs.

To the extent that the paragraph in the Complaint containing a prayer for relief is deemed to contain pleaded allegations, Defendant denies that Plaintiff is entitled to any of the relief requested in its favor.

Any allegation in the Complaint not specifically admitted above is hereby denied.

## COUNT II
## SPECIFIC PERFORMANCE OF THE LEASE AGREEMENT AND REQUEST FOR PRELIMINARY INJUNCTION

44. The Defendant repeats by reference its answers to Paragraphs 1 through 43. Paragraphs 45 through 52 are denied, as stated.

WHEREFORE, having fully answered, the Defendant prays that Count II of the Complaint be dismissed with costs.

## COUNT III
## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

53–58: This Court has dismissed Count III of the Complaint. Therefore, Defendant is not required to respond to these allegations.

To the extent the paragraph in the Complaint containing a prayer for relief is deemed to contain pleaded allegations, Defendant denies that Plaintiff is entitled to any of the relief requested in its favor.

Any allegation in the Complaint not specifically admitted above is hereby denied.

In addition to the answers above, Defendant alleges the following affirmative defenses:

## AFFIRMATIVE DEFENSES

1. The Complaint, and each count therein, fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred by the doctrine of laches.

3. Plaintiff's claims are barred by Plaintiff's material breaches of the lease.

4. Plaintiff's claims are barred by the doctrines of waiver and estoppel.

5. Plaintiff's claims are barred by the doctrine of unclean hands.

6. Plaintiff has suffered no damages.

7. Plaintiff is not entitled to specific performance or injunctive relief.

Defendant expressly reserves the right to amend its defenses or to plead additional defenses as this case proceeds.

WHEREFORE, Defendant respectfully requests that this Court (i) deny any and all relief to Plaintiff; (ii) enter judgment on Counts I and II of the Complaint in Defendant's favor; (iii) award Defendant reasonable attorney's fees pursuant to Section 20.7 of the Lease; and (iv) grant Defendant such other and further relief as the Court deems just and proper.

## COUNTERCLAIM

Defendant/Counter Plaintiff, White Flint Mall, LLLP, counterclaims for possession of the subject demised premises described in the Lease (attached to the Complaint as Exhibit A) (referred to herein as the "Premises") and in support thereof states:

1. In Count I of its Complaint, Plaintiff requested that the Court declare the rights and obligations of the parties under the Lease and determine the validity of Defendant's claim of Plaintiff's breach of Section 11.3 of the Lease. The Court has therefore determined, *inter alia*:

   (1) The Radius Restriction in Section 11.3 of the Lease between the parties is valid and enforceable;

   (2) From at least 2006 through the present day, Plaintiff violated Section 11.3 of the Lease by operating a restaurant-bar-entertainment-recreation-amusement complex under the Dave & Buster's Trade Name at Arundel Mills Mall in Hanover, Maryland; a location within the radius area encompassed by Section 11.3;

   (3) Defendant notified Plaintiff of its violation of Section 11.3 of the Lease on or about September 5, 2012 in accordance with the provisions of Section 18.1 of the Lease, demanding that Plaintiff cure its ongoing breach of Section 11.3;

(4)     Plaintiff failed to remedy its breach of Section 11.3 within the thirty day period following the notice set forth in Section 18.1 of the Lease;

(5)     Defendant's October 9, 2012 notice to Plaintiff terminating the Lease was valid and effective;

(6)     Defendant's termination of the Lease based upon Plaintiff's continuing violation of Section 11.3 of the Lease was not precluded by the statute of limitations, waiver, estoppel, or laches.

2.     By letter dated October 17, 2013 (attached to the Complaint as Exhibit F) Defendant demanded that Plaintiff vacate the Premises (as defined in the Lease attached to the Complaint as Exhibit A) and return possession thereof to Defendant by November 30, 2013.

3.     Plaintiff has failed and refused to vacate the Premises and return possession of the same to Defendant.

4.     Pursuant to Maryland law, Defendant is entitled to possession of the Premises, having provided proper notice to vacate the same to Defendant.

WHEREFORE, the premises considered, the Defendant White Flint Mall, LLLP respectfully requests that the Court (i) order that possession of the Premises be immediately returned to Defendant; (ii) award Defendant reasonable attorney's fees pursuant to Section 20.7 of the Lease; (iii) and grant Defendant such other and further relief as the Court deems just and proper.

Respectfully submitted,

BRAULT GRAHAM, LLC

 */s/ Albert D. Brault*_____
Albert D. Brault, 01041

 */s/ James M. Brault*_____
James M. Brault, 03943
101 S. Washington Street
Rockville, MD 20850
Tel:  301-424-1060
Fax:  301-424-7991
adb@braultgraham.com
jmbrault@braultgraham.com
*Attorneys for White Flint Mall, LLLP f/k/a*
*White Flint Limited Partnership*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 4th day of April, 2014 a true and accurate copy of the forgoing Answer and Counterclaim was e-filed and served via ECF e-filing system on:

> Edward S. Scheideman, Esq.
> DLA Piper LLP (US)
> 500 8th Street, N. W.
> Washington, D. C., 20004

 */s/ Albert D. Brault*_____
Albert D. Brault