IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| DAVE & BUSTER'S, INC. | * |
| Plaintiff, | * |
| v. | * CASE NO. 8:13-cv-03390-RWT |
| WHITE FLINT MALL, LLLP f/k/a<br>WHITE FLINT LIMITED PARTNERSHIP | * |
| Defendant. | * |

## PLAINTIFF DAVE & BUSTER'S, INC.'S ANSWER TO DEFENDANT'S COUNTERCLAIM

Plaintiff Dave & Buster's, Inc. ("Dave & Buster's"), by and through its undersigned counsel, hereby submits its Answer to Defendant White Flint Mall, LLLP f/k/a White Flint Limited Partnership's ("White Flint") Counterclaim against Plaintiff Dave & Buster's.

Answering the Paragraph immediately preceding Paragraph 1 of Defendant White Flint's Counterclaim, White Flint's allegations that it counterclaims for possession of the subject demised premises described in the Lease (attached to the Complaint as Exhibit A) (referred to herein as the "Premises") contain legal conclusions to which no response is required, but Dave & Buster's denies that White Flint is entitled to possession as claimed or any other relief.

1. Dave & Buster's admits that, in Count I of its Complaint, it sought a judicial determination that Defendant's claim of breach by Defendant based upon the 2004 acquisition and subsequent rebranding of Jillian's was time barred under the relevant statute of limitations, but denies any remaining characterizations. To the extent Defendant's allegations in Paragraph 1 of the Counterclaim deviate from the language in Count I of the Complaint and to the extent that Defendant attempts to paraphrase or re-characterize Count I of the Complaint, Dave & Buster's

1

denies the allegations of Paragraph 1 of Defendant's Counterclaim. With respect to Subparts 1 – 6 of Paragraph 1 of Defendant's Counterclaim, Dave & Buster's states that the Court's order speaks for itself, and therefore, no response is required. To the extent a response is required, Dave & Buster's denies the allegations in Subparts 1-6 of Paragraph 1 of the Counterclaim to the extent they deviate from this Court's Order and to the extent Defendant attempts to paraphrase or re-characterize this Court's findings.

2. Dave & Buster's states that the letter dated October 17, 2013 (attached to the Complaint as Exhibit F) speaks for itself, and therefore, no response is required. To the extent a response is required, Dave & Buster's denies the allegations in Paragraph 2 of the Counterclaim to the extent they deviate from the language of the October 17, 2013 letter and to the extent Defendant attempts to paraphrase or re-characterize the letter.

3. Dave & Buster's denies the allegations in Paragraph 3 of the Counterclaim and further denies that White Flint is entitled to possession of the premises as alleged.

4. Dave & Buster's denies the allegations in Paragraph 4 of the Counterclaim.

In regard to the "Wherefore" clause immediately following Paragraph 4 of the Counterclaim, Dave & Buster's denies that Defendant is entitled to any of the relief claimed.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Defendant's Counterclaim fails to state a claim upon which relief could be granted.

### Second Affirmative Defense

Defendant's claims are barred by the plain terms of the Lease Agreement upon which Defendant bases its claim.

### Third Affirmative Defense

Defendant's claims are barred, in whole or in part, by the doctrine of estoppel.

### Fourth Affirmative Defense

Defendant's claims are barred, in whole or in part, by the doctrine of waiver.

### Fifth Affirmative Defense

Defendant's Counterclaim is barred in whole or in part by the applicable statutes of limitations.

### Sixth Affirmative Defense

Defendant's Counterclaim is barred, in whole or in part, by the doctrine of laches.

WHEREFORE, Dave & Buster's prays this Court for judgment that:

A. Defendant takes nothing in this action;

B. Dave & Buster's be awarded their attorney's fees incurred in this suit;

C. Dave & Buster's be awarded their costs incurred in this suit; and

D. The Court award Dave & Buster's such other and further relief as it deems proper.


Date: April 25, 2014                              Respectfully submitted,

                                                  /s/
                                                  Edward S. Scheideman
                                                  Paul D. Schmitt
                                                  DLA Piper LLP (US)
                                                  500 8th Street, N.W.
                                                  Washington, D.C. 20004
                                                  Tel: (202) 799-4000
                                                  Fax: (202) 799-5000

                                                  Attorneys for Plaintiff
                                                  Dave & Buster's, Inc., a Missouri
                                                  corporation

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
## (Greenbelt Division)

| | |
|---|---|
| DAVE & BUSTER'S, INC. | * |
| Plaintiff, | * |
| v. | * CASE NO. 8:13-cv-03390-RWT |
| WHITE FLINT MALL, LLLP f/k/a WHITE FLINT LIMITED PARTNERSHIP | * |
| Defendant. | * |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 25th day of April 2014 a true an accurate copy of the foregoing Plaintiff Dave & Buster's, Inc.'s Answer to Defendant's Counterclaim was e-filed and served via the ECF filing system on:

>Albert D. Brault
>James M. Brault
>BRAULT GRAHAM, LLC
>101 S. Washington Street
>Rockville, Maryland 20850
>
>Attorneys for White Flint Mall, LLLP f/k/a
>White Flint Limited Partnership

>/s/
>Edward S. Scheideman

EAST\75358202.1