IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **DAVE & BUSTER'S, INC.,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case No. 13-cv-3390-RWT |
| | * | |
| **WHITE FLINT MALL, LLP,** | * | |
| | * | |
| Defendant. | * | |
| | * | |

## MEMORANDUM OPINION AND ORDER

After a hearing held on March 21, 2014, this Court granted a motion by White Flint Mall, LLP ("White Flint") to dismiss Count 3 and Count 2 of Dave & Buster's Complaint to the extent it requests a preliminary injunction. ECF No. 21. The Court also adjudged and declared that: (1) the Radius Restriction in Section 11.3 of the Lease between the parties is valid and enforceable; (2) the Plaintiff violated Section 11.3 of the Lease by operating a restaurant-bar-entertainment- recreation-amusement complex under the Dave & Buster's Trade Name at Arundel Mills Mall in Hanover, Maryland, a location within the radius area encompassed by Section 11.3, from at least 2006 to the present; (3) the Defendant gave notice to the Plaintiff of its violation of Section 11.3 of the Lease on or about September 5, 2012 in accordance with the provisions of Section 18.1 of the Lease, demanding that the Plaintiff cure its ongoing breach of Section 11.3; (4) the Plaintiff failed to remedy its breach of Section 11.3 within the thirty day period following the notice set forth in Section 18.1 of the Lease; (5) the notice by the Defendant to the Plaintiff dated October 9, 2012 of termination of the Lease was valid and effective; (6) the Defendant's termination of the Lease for the Plaintiff's continuing violation of Section 11.3 of the Lease was not precluded by the statute of limitations, waiver, estoppel, or laches; (7) there was insufficient evidence before the Court at the

time to permit the Court to further declare the rights of the parties with respect to any other violations of the Lease by either party.  *Id.*

On April 4, 2014, Dave & Buster's filed a Motion for Reconsideration of the Court's Order adjudging and declaring the enforceability of the radius restriction clause and finding that Dave & Buster's breached that clause of the Lease.  ECF No. 25.  The Motion additionally requests that if the Court declines to reconsider its ruling, it certify the Order as a final judgment and stay the Order pending appeal.  *Id.*  On April 21, 2014, White Flint filed a response in opposition.  ECF No. 30.  The next day, April 22, 2014, Dave & Buster's filed a notice of interlocutory appeal to the United States Court of Appeals for the Fourth Circuit.  ECF No. 31.

The Court will deny the motion for reconsideration. The language of the Lease is clear and unambiguous.  These sophisticated parties negotiated for and agreed to the terms of the Lease and the Court had a sufficient basis to find that the radius restriction clause is valid, enforceable and has been breached.  Dave & Buster's admits to operating the business at the Arundel Mills location continuously since 2006, a clear violation of that provision.  The record also shows that White Flint gave the requisite notice and opportunity to cure and that Dave & Buster's did not do so.  The arguments made by Dave & Buster's in its motion recite the same points that the Court already addressed and decided at the hearing.  The Court declines to reconsider its ruling at this time.

In order to certify the Court's rulings for appeal under Federal Rule of Civil Procedure 54(b), the Court must determine that a judgment is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Braswell Shipyards, Inc. v. Beaser East, Inc.*, 2 F.3d 1331, 1335 (4th Cir. 1993).  It must also consider whether there is no just reason for the delay in the entry of judgment.  *Id.*  In making this determination, the Court can consider "whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the

same issues more than once even if there were subsequent appeals." *Curtiss-Wright Corp v. General Elec. Co.*, 446 U.S. 1 (1980). Under applicable law, it is clear that this Court cannot certify these issues for appeal. There has been no final disposition of any individual claim and the issues previously decided remain intertwined with remaining claims and disputes between the parties.

A stay would also be inappropriate. A party seeking a stay in litigation "must show (1) that he will likely prevail on the merits of the appeal, (2) that he will suffer irreparable injury if the stay is denied, (3) that other parties will not be substantially harmed by the stay, and (4) that the public interest will be served by granting the stay." *Long v. Robinson*, 432 F.2d 977, 979 (4th Cir. 1970). Dave & Buster's does not meet this standard and its motion will therefore be denied.

Accordingly, it is, this 25th day of April, 2014, by the United States District Court for the District of Maryland,

**ORDERED** that the Motion for Reconsideration of this Court's March 24, 2014 Order, and if Denied, to Certify the March 24, 2014 Order as a Final Judgment and Stay the Order Pending Appeal (ECF No. 25) is **DENIED**.

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE