IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | | |
|---|---|---|
| DAVE & BUSTER'S, INC. | * | |
| | * | |
| Plaintiff/Counter Defendant, | * | |
| | * | |
| v. | * | Case No. RWT 13-CV-3390 |
| | * | |
| WHITE FLINT MALL, LLLP | * | |
| | * | |
| Defendant/Counter Claimant. | * | |

**DEFENDANT WHITE FLINT MALL, LLLP's
RESPONSE TO PLAINTIFF'S MOTION TO ALTER OR
AMEND THIS COURT'S JULY 22, 2014 JUDGMENT**

NOW COMES the Defendant/Counter Claimant White Flint Mall, LLLP, by its undersigned counsel, and submits this response to Dave & Buster's, Inc.'s Motion to Alter or Amend this Court's July 22, 2014 judgment.

The Motion concerns the language in the Court's July 22, 2014 Order that Dave & Buster's "abandoned, any claim for damages arising out of any violation of the express terms of the Lease between the parties . . ." ECF No. 44, Order at p. 1.  In its Motion, Dave & Buster's asserts that it never made a claim for damages "based on any violation of the express terms of the Lease. . ." ECF No. 46, Motion at p. 1.  In its Memorandum accompanying the Motion, Dave & Buster's initially asserts that the Complaint did not seek damages "for a violation of the express terms of the lease." ECF No. 46-1 at p. 1.  On the next page, Dave & Buster's takes this statement a step further, asserting that nowhere in the Complaint did it "set forth any damages claimed for breach of the lease." ECF No. 46-1 at p. 2.  Dave & Buster's asserts that "it is unaware of any facts and circumstances at this time which would support such a claim." *Id.*, at p. 2 and 3.

D&B's characterization of its Complaint is not entirely accurate. In the factual portion of the Complaint, Dave & Buster's alleged that White Flint wrongfully terminated the Lease in order to increase vacancy to facilitate its redevelopment efforts. ECF No. 1, Compl. at ¶¶ 14-18. Dave & Buster's also alleged express terms of the Lease that restrict White Flint's right to redevelop the property. *Id*., at ¶¶ 29 – 32. In Count II, Dave & Buster's alleged that White Flint had commenced its redevelopment and will imminently undertake activities in violation of the express terms of the Lease entitling D&B to specific performance or an injunction to enforce the Lease. *Id*., at ¶¶ 46-49. In Count III, Dave & Buster's alleged that White Flint's aforementioned conduct also was a breach of the implied covenant of good faith because it deprived Dave & Buster's of the benefits of the Lease. *Id*., at ¶ 57. Dave & Buster's then alleged that it "<u>had suffered</u> and will suffer for substantial monetary harm." Id., at ¶ 58. In the *ad damnum* clause at the end of the Complaint is a prayer for relief that seeks (1) a judicial determination of the parties' rights and obligations under the Lease, (2) injunctive release specifically enforcing the Lease, (3) <u>damages in an amount to be proven at trial</u>, (4) attorneys' fees, and (5) costs and other relief.

In its March 24, 2014 Order, the Court declared that White Flint's termination of the Lease was lawful and effective and as a result the Lease was terminated as of December 31, 2012. Given that the Lease was terminated, Dave & Buster's necessarily could not be entitled to an injunction or specific performance. In comments from the bench, the Court stated that it nonetheless denied the Motion to Dismiss Count II because (i) under equity principles the Court could have awarded damages in lieu of specific performance if the latter remedy was no longer feasible, and (ii) Dave & Buster's alleged it had incurred damages as a result of White Flint's redevelopment activities and it was possible some of those damages were incurred prior to the

termination of the Lease.  Thus, the Court denied the motion to dismiss Count II with respect to any potential claim for damages that Dave & Buster's may wish to assert under that count." ECF No. 24 at 65.

At the July 21, 2014 hearing, counsel for Dave & Buster's informed the Court that Dave & Buster's was not asserting a claim of damages under Count II or damages for breach of the express terms of the Lease as it was only asserting damages for breach of the implied covenant of good faith in Count III.  ECF No. 45 at 17-18, 25-27.

However, D&B is going too far in asserting that it did not make a claim for damages based on an alleged breach of the Lease.  The Complaint alleged that D&B had incurred damages and would continue to incur damages as a result of White Flint's redevelopment activities.  D &B appears to be of the view that a breach of an implied covenant of good faith is not a breach of the Lease, but it is.  The covenant of good faith is simply implied by law as a gap filler in certain circumstances that, as this Court found, do not apply here.

Further, the Court expressly permitted D&B to proceed under Count II with a claim for damages, which based on additional comments from the Court was intended to refer to pre-termination damages.

In light of the above, and in particular D&B's allegation that it had incurred damages and its inclusion of a request for damages at the end of the Complaint, the Court was justified in stating that D&B had abandoned any claim for damages for the breach of the express terms of the Lease under Count II.

Respectfully submitted,

BRAULT GRAHAM, LLC

/s/ *Albert D. Brault*

_____
Albert D. Brault, 01041


/s/ *James M. Brault*

_____
James M. Brault, 03943
101 South Washington Street
Rockville, Maryland 20850
Tel: 301-424-1060
Fax: 301-424-1060
adb@braultgraham.com
jmbrault@braultgraham.com
Attorneys for White Flint Mall, LLLP f/k/a
White Flint Limited Partnership




**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY on this 5th day of August, 2014 a true and accurate copy of the foregoing Defendant's Response to Plaintiff's Motion to Alter or Amend this Court's July 22, 2014 Judgment  was e-filed and served via ECF e-filing system on:

    Edward S. Scheideman, Esquire
    DLA Piper LLP (US)
    500 8th Street, N.W.
    Washington, D.C. 20004




/s/ *Albert D. Brault*

_____
Albert D. Brault