**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)**

| | | |
|---|---|---|
| DAVE & BUSTER'S, INC. | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CASE NO.  8:13-cv-03390-RWT |
| | * | |
| WHITE FLINT MALL, LLLP f/k/a | * | |
| WHITE FLINT LIMITED PARTNERSHIP | * | |
| | * | |
| Defendant. | * | |
| | * | |

**PLAINTIFF DAVE & BUSTER'S, INC.'S REPLY IN SUPPORT OF ITS MOTION TO ALTER OR AMEND THIS COURT'S JULY 22, 2014 JUDGMENT**

Plaintiff Dave & Buster's, Inc. ("Dave & Buster's"), by and through its undersigned counsel, hereby submits its Reply in Support of its Motion to Alter or Amend This Court's July 22, 2014 Judgment, and states as follows:[1]

**ARGUMENT**

There can be no dispute that the record in this case reflects the following:

1. The Complaint in this action asserts three Counts: (Count I) declaratory judgment as to the rights and duties of the parties under the Lease, and specifically whether Defendant's claim of breach of lease was barred by the statute of limitations; (Count II) specific performance of the Lease Agreement and request for preliminary injunction; and (Count III) breach of the implied covenant of good faith and fair dealing.  ECF No. 1 at 8-12.

---

[1] In the interests of brevity and given this Court's July 31, 2014 Order regarding an accelerated briefing schedule on this issue, see ECF No. 49, Dave & Buster's submits this concise Reply.

1

2. There is no Count for Breach of Lease. This Court, at the March 21, 2014 hearing, noted that it would keep Count Two open "with respect to any potential claim for damages that Dave & Buster's may wish to assert under that count." ECF No. 24 at 65:12-14. Dave & Buster's did not subsequently assert any claim for damages based on a breach of any provision of the Lease.[2]

3. Counsel for White Flint readily agreed, in open Court at the July 21, 2014 summary judgment hearing, that no damages claim based on any breach of lease had been asserted. See ECF No. 45 at 10:22-24 ("I have never heard any claim from the other side that they are claiming pre-termination damages."). Indeed, counsel for Defendant reiterated this position after counsel for Dave & Buster's affirmed both that Count Two "wasn't a claim for damages," id. at 17:15, and that Dave & Buster's had never brought a claim for damages with regard to breach of the lease, id. at 17:22-18:5; 25:10-20, stating "I gather that my assumption [as] to their claim for damages was accurate." Id. at 27:7-8.

4. The Court confirmed on the record at the July 21, 2014 hearing that Dave & Buster's was not seeking pre-termination damages, stating "[t]he plaintiff has made it very clear today that it does not and is not seeking damages for violation of any specific provision of the lease engaged in by the landlord prior to the termination in this case." Id. at 30:24-31:2.

5. This Court entered an Order on July 22, 2014, which dismissed Count II of the Complaint and stated that Dave and Buster's had "abandoned any claim for damages

---

[2] This is because Dave & Buster's is unaware at this time of any facts or circumstances that would support such a claim.

arising out of any violation of the express terms of the Lease between the parties." ECF No. 44 at 1.

6. The record does not reflect that any such damages were asserted which could have been subsequently "abandoned." Moreover, the record clearly reflects that to the extent damages were discussed at the July 21 hearing, such discussion concerned solely "pre-termination" damages.

## CONCLUSION

For the reasons set forth above and in Dave & Buster's Memorandum in Support of its Motion to Alter or Amend This Court's July 22, 2014 Order, Dave & Buster's respectfully requests that this Court grant its Motion and eliminate any language or suggestion in the July 22, 2014 Order that Dave & Buster's has "abandoned any claim for damages arising out of any violation of the express terms of the Lease between the parties."

Date: August 5, 2014

Respectfully submitted,

　　　　/s/
Edward S. Scheideman
Paul D. Schmitt
DLA Piper LLP (US)
500 8th Street, N.W.
Washington, D.C. 20004
Tel: (202) 799-4000
Fax: (202) 799-5000

Attorneys for Plaintiff
Dave & Buster's, Inc., a Missouri corporation

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Greenbelt Division)**

| | | |
|---|---|---|
| DAVE & BUSTER'S, INC. | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CASE NO. 8:13-cv-03390-RWT |
| | * | |
| WHITE FLINT MALL, LLLP f/k/a | * | |
| WHITE FLINT LIMITED PARTNERSHIP | * | |
| | * | |
| Defendant. | * | |
| | * | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 5th day of August 2014 a true an accurate copy of the foregoing Plaintiff Dave & Buster's, Inc.'s Reply in Support of its Motion to Alter or Amend This Court's July 22, 2014 Order, was e-filed and served via the ECF filing system on:

> Albert D. Brault
> James M. Brault
> BRAULT GRAHAM, LLC
> 101 S. Washington Street
> Rockville, Maryland 20850
>
> Attorneys for White Flint Mall, LLLP f/k/a
> White Flint Limited Partnership

                                    /s/
                            Edward S. Scheideman