IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | | |
|---|---|---|
| DAVE & BUSTER'S, INC. | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CASE NO. 8:13-cv-03390-RWT |
| | * | |
| WHITE FLINT MALL, LLLP f/k/a | * | |
| WHITE FLINT LIMITED PARTNERSHIP | * | |
| | * | |
| Defendant. | * | |
| | * | |

**PLAINTIFF DAVE & BUSTER'S, INC.'S REPLY IN SUPPORT OF ITS RENEWED MOTION TO STAY THIS COURT'S JULY 22, 2014 ORDER PENDING APPEAL**

Plaintiff Dave & Buster's, Inc. ("Dave & Buster's"), by and through its undersigned counsel, hereby submits its Reply in Support of its Renewed Motion to Stay This Court's July 22, 2014 Order Pending Appeal, and states as follows:[1]

**ARGUMENT**

**I.   D&B IS LIKELY TO PREVAIL ON APPEAL.**

First, Defendant incorrectly states, without attribution, that during the March 21, 2014 hearing, "the Court rightly pointed out . . . that as a threshold matter D&B neither alleged in its Complaint nor offered any affidavit in support of its bald assertion that the radius clause was unenforceable." ECF No. 55 at 4. This is not accurate. Indeed, to the contrary, the Complaint alleges precisely that. See ECF No. 1 at ¶ 41 ("Additionally, the radius restriction clause contained in Section 11.3 of the Lease is unenforceable in its own right.").

---

[1]   In the interests of brevity and given this Court's July 31, 2014 Order regarding an accelerated briefing schedule on this issue, see ECF No. 49, Dave & Buster's submits this concise Reply.

1

Second, Defendant argues that "it was incumbent on D&B to allege facts and provide admissible evidence to support its position" that the radius restriction clause was unenforceable. ECF No. 55 at 4.  Defendant ignores that (1) both parties recognized that any resolution regarding the enforceability of the radius restriction clause required a fact-dependent inquiry, and the parties, and the Court, identified such facts, and (2) no factual record had been created and, indeed, the Local Rules expressly prohibited discovery at such an early stage of the case.  See ECF No. 48-1 at 12-13; Local Rule 104.4 ("Unless otherwise ordered by the Court or agreed upon the parties . . . discovery shall not commence and disclosures need not be made until a Scheduling Order is entered").  Additionally, the Fourth Circuit has squarely held that Rule 56(d) affidavits may not be necessary where, like here, fact-intensive issues are involved and the nonmoving party has had little or no opportunity to conduct discovery, when the nonmoving party has informed the district court that the motion is premature and discovery is necessary. Harrods Limited v. Sixty Internet Domain Names, 302 F.3d 214, 244 (4th Cir. 2002).

Third, with regard to the Rule 56(d) affidavit submitted by Dave & Buster's (ECF No. 25-5), Defendant claims that "the Court rightly viewed this affidavit as a mere attempt to delay judgment where it was evident that discovery would only result in needless expense and would not change the outcome."  ECF No. 55 at 4.  However, nowhere in its April 28, 2014 Memorandum Opinion and Order (ECF No. 36), did this Court say any such thing.

Fourth, with regard to Dave & Buster's cure right, Defendant claims that vindicating the right "would essentially nullify the radius restriction (and perhaps other provisions) and eliminate White Flint's ability to terminate the lease for a default not cured within the time period set forth in 18.1."  This is not accurate.  Under Section 18.1, the restriction remains enforceable, but the parties agreed that, in the face of a dispute such as is the case here, Dave &

2

Buster's retained a cure right prior to final adjudication.  Any such cure would constitute the enforcement of the clause, and alternatively, a final adjudication – which has not yet occurred – would do the same.

## II.     DAVE & BUSTER'S WILL BE IRREPARABLY HARMED ABSENT A STAY.

With regard to the irreparable harm Dave & Buster's will suffer if a stay is not granted, Defendant attempts to minimize the potential impact of the ongoing state court litigation by arguing that "[t]he claim that the partnership lacks authority to operate . . . is legally incorrect." ECF No. 55 at 9.  Of course, that issue remains to be adjudicated by the Circuit Court for Montgomery County, and Defendant's partners have clearly alleged that the White Flint partnership dissolved in September 2012, and that Defendant's attempt to redevelop the Mall is an *ultra vires* act.  See ECF No. 50 at 3.  The outcome of that litigation has significant potential impact on the harm facing Dave & Buster's in the absence of a stay.

## III.    DEFENDANT WILL NOT SUFFER SUBSTANTIAL HARM.

Defendant has provided no evidence that it will be substantially harmed or that the redevelopment is imminent.  Instead, Defendant attaches to its Response affidavits from the Lord & Taylor case, which involved an entirely different set of facts and circumstances.[2]  While these affidavits may tout the "benefits" of the redevelopment, Dave & Buster's is not seeking to delay or stop the redevelopment.  More to the point, none of the affidavits attest to the fact that, by granting the stay in this case, any portion of the redevelopment will even be impacted.  Indeed, Defendant readily admits that other tenants still remain.  See ECF No. 55 at 10 (admitting that tenants remain at White Flint Mall).

---

[2]     This Court has previously recognized that considering evidence from the Lord & Taylor case in this matter is problematic at best.  See ECF No. 24 at 63:2-5 ("I mean, if I were to try to rule on this, I would probably have to bring to bear information I know from another case, the Lord & Taylor case, which would not be fair to either side to do that.").

Finally, Defendant erroneously claims that Dave & Buster's "never sought preliminary injunctive relief to preserve the status quo." ECF No. 55 at 12.  <u>But see</u> Count II, ECF No. 1 at ¶ 49 ("D&B respectfully requests that this Court maintain the status quo at the Shopping Center by specifically enforcing the Lease and enjoining Defendant, while the Lease is in effect, from taking any steps or performing any act which violates the Lease.").  Moreover, at no point has Dave & Buster's sought to halt Defendant's attempt to redevelop the remainder of the Mall, and Defendant is free to do so to the extent it does not interfere with Dave & Buster's rights under the Lease, as it is presumably free to do with regard to other remaining tenants.

## CONCLUSION

For the reasons set forth above and in Dave & Buster's Renewed Motion to Stay This Court's July 22, 2014 Order Pending Appeal, Dave & Buster's respectfully requests this Court to grant its Motion and stay this case pending appeal to the United States Court of Appeals for the Fourth Circuit.

Date:  August 5, 2014

Respectfully submitted,

   /s/
Edward S. Scheideman
Paul D. Schmitt
DLA Piper LLP (US)
500 8th Street, N.W.
Washington, D.C. 20004
Tel: (202) 799-4000
Fax: (202) 799-5000

Attorneys for Plaintiff
Dave & Buster's, Inc., a Missouri corporation

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)**

| | |
|---|---|
| DAVE & BUSTER'S, INC. | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   CASE NO.  8:13-cv-03390-RWT |
| | * |
| WHITE FLINT MALL, LLLP f/k/a | * |
| WHITE FLINT LIMITED PARTNERSHIP | * |
| | * |
| Defendant. | * |
| | * |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 5th day of August 2014 a true an accurate copy of the foregoing Plaintiff Dave & Buster's, Inc.'s Reply in Support of its Renewed Motion to Stay This Court's July 22, 2014 Order Pending Appeal, was e-filed and served via the ECF filing system on:

> Albert D. Brault
> James M. Brault
> BRAULT GRAHAM, LLC
> 101 S. Washington Street
> Rockville, Maryland 20850
>
> Attorneys for White Flint Mall, LLLP f/k/a
> White Flint Limited Partnership

                                    /s/
                        Edward S. Scheideman