**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| | * | |
| | * | |
| **DAVE & BUSTER'S, INC.** | * | |
| | * | |
| Plaintiff/Counter Defendant, | * | |
| | * | |
| **v.** | * | Case No. RWT 13-cv-3390 |
| | * | |
| **WHITE FLINT MALL, LLLP** | * | |
| | * | |
| Defendant/Counter Claimant. | * | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

On July 21, 2014, this Court held a hearing to consider White Flint's Motion for Summary Judgment on its Counterclaim. After the hearing, the Court granted the motion for summary judgment and held that the Lease between the parties was validly terminated and that White Flint was entitled to immediate possession of the leasehold premises. ECF No. 44. In addition, the Court dismissed Count II of the Plaintiff's Complaint (for "specific performance of the lease agreement and . . . preliminary injunction") as Dave & Buster's had "abandoned any claim for damages arising out of any violation of the express terms of the Lease between the parties." *Id.* The parties consented to allowing Dave & Buster's thirty days to vacate the premises, after which the Court authorized White Flint to request issuance of a Writ of Restitution if Dave & Buster's did not comply. At the hearing, Dave & Buster's made an oral motion to stay the case pending appeal which this Court denied without prejudice to renew by written motion. *Id.*

On July 29, 2014, Dave & Buster's filed a Motion to Alter/Amend Judgment. ECF No. 46. On July 30, 2014, Dave & Buster's filed a Notice of Appeal and a Second Motion

to Stay the Judgment Pending Appeal. ECF Nos. 47, 48. On August 5, 2014, White Flint responded to both motions (ECF Nos. 54, 55) and Dave & Buster's replied (ECF Nos. 56, 57).

A party seeking a stay in litigation "must show (1) that he will likely prevail on the merits of the appeal, (2) that he will suffer irreparable injury if the stay is denied, (3) that other parties will not be substantially harmed by the stay, and (4) that the public interest will be served by granting the stay." *Long v. Robinson*, 432 F.2d 977, 979 (4th Cir. 1970). Dave & Buster's does not meet this standard and its motion will therefore be denied.

The arguments made by Dave & Buster's in its motion recite the same points that the Court already addressed and decided. The Court finds that Dave & Buster's is not likely to prevail on appeal. The radius restriction clause was valid and enforceable, Dave & Buster's breached this provision of the Lease, and White Flint was not barred from bringing a breach of contract claim by the statute of limitations or waiver. Dave & Buster's will not suffer irreparable injury from eviction as, were it to prevail on appeal, any harm could be compensated by monetary damages.[1] White Flint would be significantly harmed by a stay, as the redevelopment would be halted and any argument that it would be free to redevelop other portions of the mall is impractical at this stage. Finally, the public interest will not be served by a stay as the redevelopment has already begun and allowing a stay may be costly not only to the parties but to Montgomery County as well.

Accordingly, it is, this 6th day of August, 2014, by the United States District Court for the District of Maryland,

---

[1] Dave & Buster's arguments about the possible inability to recover damages because of the litigation surrounding the status of the White Flint Partnership is purely speculative.

**ORDERED**, that the Motion to Alter/Amend Judgment of July 22, 2014 [ECF No. 46] is

**DENIED**; and it is further

**ORDERED**, that the Second Motion to Stay Judgment [ECF No. 48] is **DENIED.**

/s/
_____
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE
